[Cite as *Pare v. Ohio Dept. of Transp.*, 2010-Ohio-6645.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIELLE PARE

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2010-06460-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Danielle Pare, filed this action against defendant, Department of Transportation (ODOT), contending her automobile was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 75 North in Hamilton County. Specifically, plaintiff related the right rear rim and windshield on her car were damaged when the vehicle struck "a large pothole" on Interstate 75 North at the "15.8 mile marker where (the) Travelodge sign (is) between exit 15 and exit 16." Plaintiff recalled the damage incident occurred on April 1, 2010 at approximately 6:30 a.m. and noted ODOT personnel had previously patched potholes on the particular section of Interstate 75 prior to the date of her damage occurrence. In her complaint, plaintiff requested damages in the amount of $1,396.98, the stated cost of a replacement rim and windshield. Plaintiff did not provide any evidence other than her own assertion to support the amount of damages claimed. Also, in the complaint plaintiff acknowledged she maintains insurance coverage for automotive repair with a

$500.00 deductible provision and admitted she has received $424.53 from her insurer[1] "as a result of the described incident above." The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's April 1, 2010 described occurrence. Defendant located the particular pothole "at milepost 15.80 on I-75 in Hamilton County" and advised that "ODOT did not receive any reports of the pothole or have knowledge of the pothole prior to the (April 1, 2010) incident." Defendant submitted a copy of "Maintenance Records" recording ODOT maintenance activity on Interstate 75 from October 1, 2009 to April 1, 2010. The submitted document shows ODOT personnel performed pothole patching operations in the vicinity of plaintiff's incident on March 2, 2010, March 3, 2010, and March 4, 2010.

{¶ 3} Defendant denied ODOT negligently maintained Interstate 75 in Hamilton County. Defendant noted the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered at milepost 15.80 on Interstate 75 North the last time that section of roadway was inspected prior to April 1, 2010. The claim file is devoid of any copy of ODOT Hamilton County inspection records. Defendant asserted the particular location of Interstate 75 is a well patrolled location and suggested the pothole plaintiff's car struck "existed for only a short time before the incident."

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice

---

[1] R.C. 2743.02(D) provides in pertinent part:

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant."

among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 8} The trier of fact is precluded from making an inference of defendant's

constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the length of time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIELLE PARE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-06460-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Danielle Pare                                    Jolene M. Molitoris, Director
227 Foote                                        Department of Transportation
Bellevue, Kentucky  41073                        1980 West Broad Street
                                                 Columbus, Ohio  43223

RDK/laa
9/15
Filed 10/28/10
Sent to S.C. reporter 2/2/11